AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>EVAN SIMS<br><br>Defendant(s) | Case No.  3:23-mj- 1588-JBT |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____ within the special aircraft jurisdiction of the United States and the Middle District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46507(1) | False information and threats |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Molly Chapman, FBI Special Agent
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 12/6/23

_____
Judge's signature

City and state:  Jacksonville, Florida    Joel B. Toomey, United States Magistrate Judge
Printed name and title

<u>CRIMINAL COMPLAINT AFFIDAVIT</u>

I, Molly Chapman, being duly sworn, hereby declare as follows:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since September 2021. I am currently assigned to the Jacksonville, Florida Division of the FBI, where I conduct a variety of investigations, including those that occur in special jurisdictions, such as on an airplane. Prior to this assignment, I was employed as an Investigative Specialist with the FBI for approximately six years. I have received law enforcement training from the FBI Academy at Quantico, Virginia. I have my master's degree in forensic psychology and my bachelor's degree in criminology. As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

2. The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint charging EVAN SIMS ("SIMS") with false information and threats, in violation of 49 U.S.C. § 46507(1). Because this Affidavit is submitted for the limited purpose of establishing probable cause for the criminal complaint, it does not include all the details of the investigation of which I am aware.

3. This affidavit is made in support of a criminal complaint against Evan SIMS, that is, traveling on or about December 5, 2023, within the special aircraft jurisdiction of the United States and the Middle District of Florida, Evan SIMS,

knowing the information to be false, willfully and maliciously and with reckless disregard for the safety of human life, gave, under circumstances in which the information reasonably may have been believed, false information about an alleged attempt being made to do an act that would violate 49 U.S.C. § 46505(b)(3), specifically, possession on or about the defendant's travel companion of an explosive device, in violation of 49 U.S.C. § 46507(1).

4. The statements contained in this Affidavit are based in part upon the investigation that I have personally conducted, upon information provided to me by other law enforcement officers and civilians, and on my experience and background as a Special Agent with the FBI.

5. Based upon information received from the Jacksonville Aviation Authority, I began an investigation into allegations that SIMS, a passenger on Breeze Airways Flight #717, made statements regarding a bomb onboard the plane while the flight was en route from the Orlando International Airport in Orlando, Florida, to the Providence Theodore Francis Green Airport in Providence, Rhode Island. Based on my interview of SIMS, SIMS's travel companion (TC), passengers aboard the flight, and the flight crew, to include the flight attendants and the pilots, I learned the following:

    a. On December 5, 2023, SIMS and TC boarded Breeze Airways Flight #717, which was scheduled to fly from the Orlando International Airport, with an ultimate destination of Providence, Rhode Island. While seated on the plane, prior to takeoff, SIMS, who was in a romantic relationship with TC, began arguing with TC.

2

Other passengers heard SIMS say that he was going to "fire up a Vape" and that TC told him to stop. SIMS told TC that he had never heard of Breeze Airways and that he hoped the airplane did not "go down." SIMS stated that they would be "gone with the wind." TC told SIMS several times that their relationship was over, and that SIMS needed to leave her alone. TC stated that SIMS dumped a drink on her and called her a "bitch."

  b. During boarding and the airline safety briefing, SIMS made comments to TC about needing to use the emergency doors and that the windows looked like they had not been used. SIMS also told TC he hoped they did not have to use the windows. SIMS also questioned the flight crew regarding the emergency life raft that was in the overhead storage compartment. TC and the surrounding passengers were uncomfortable with SIMS's statements, so TC again asked SIMS to stop making his comments. Several passengers requested to change seats, but the flight crew advised that the plane was taxiing, and they could not move from their seats at that time.

  c. As the flight began the initial ascent into the air, SIMS partially stood up in his seat and exclaimed that he wanted to get off the plane. At that time, the flight crew members were unable to move passengers, to include TC, into other seats as the seat belt light was on. Once it was safe to move passengers and, in an effort, to resolve the situation, flight crew members were preparing to move TC. During this time, while the flight was airborne, SIMS stated approximately two times that his travel companion had a bomb on the plane. This was overheard by the flight crew and other passengers, including one who was an off-duty law enforcement officer. Thereafter,

3

due to SIMS's repeated disturbances and escalating behavior, the pilot relayed information to Breeze Airways Dispatch Center. Thereafter and upon review of the circumstances, the flight was diverted to the Jacksonville International Airport. The pilot made an announcement that the plane would be diverting to Jacksonville. A flight attendant stated that it appeared to her that SIMS appeared to be satisfied with the diversion announcement and was smirking while other passengers appeared upset. All passengers were required to exit the plane. Bomb detection dogs were called in and searched the plane but did not locate a bomb. SIMS and TC were detained at the airport while law enforcement investigated the incident.

6.   On the same day, SA Noguerias, SA Chapman, and Transportation Security Administration Assistant Field Security Director Kyle Fenton interviewed SIMS. After advising SIMS of his Miranda rights, which he waived, SIMS was questioned about the statements he made about a bomb on the plane. SIMS stated that his statements were misconstrued. SIMS said he was making "jokes" about the airplane "going down" because he was unfamiliar with the airline company, and he was nervous about flying. SIMS said he is a nervous flier and really wanted to get off the plane because TC broke up with him and he did not want to fly up to Rhode Island anymore. SIMS said he did not say "bomb" because he generally does not use that word and has a very dark sense of humor. SIMS did not think he would say the word "bomb," but suggested that he said "calm" and that passengers misconstrued what he said. SIMS acknowledge that he is "only human" and could have used the word

4

"bomb" on accident one time, but "definitely not twice." However, near the conclusion of the interview, SIMS asked at one point, "how fucked am I?"

7.     Based on the foregoing facts, I have probable cause to believe that on or about December 5, 2023, in the special aircraft jurisdiction of the United States and the Middle District of Florida, Evan SIMS, knowing the information to be false, willfully and maliciously and with reckless disregard for the safety of human life, gave, under circumstances in which the information reasonably may have been believed, false information about an alleged attempt being made to do an act that would violate 49 U.S.C. § 46505(b)(3), specifically, possession on or about the defendant's travel companion of an explosive device, in violation of 49 U.S.C. § 46507(1).

_____
Molly Chapman, Special Agent
Federal Bureau of Investigations

Sworn and subscribed to via telephonic means on this ___6___ day of December, 2023, in Jacksonville, Florida.

_____
JOEL B. TOOMEY
UNITED STATES MAGISTRATE JUDGE